UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYAIRZ GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01603-JPH-TAB |
| ) | |
| CARMEL POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REMAND**

Plaintiff Tyairz Glover brought this case in Indiana state court, alleging that the Carmel Police Department ("CPD") violated his federal constitutional rights. CPD removed this case to this Court. Mr. Glover filed a motion to remand, arguing that CPD's notice of removal was untimely. Because CPD removed this case within thirty days of receiving a copy of the initial pleading pursuant to 28 U.S.C. § 1446, the motion to remand is **DENIED**.

**I.
Facts and Background**

On August 14, 2024, Mr. Glover filed a civil complaint in the Marion Circuit Court against CPD. Dkt. 1-1 at 6. He alleges that CPD "violated his civil rights and entered him into contract by arresting him" and putting him in jail, and that CPD officers "breached contract by taking [his] firearm" and "jailed him for his freedom of speech." *Id.* at 8. Mr. Glover invokes 18 U.S.C. § 242 and 42 U.S.C. § 1983, *id.*, and also appears to allege state tort claims, *id.* at 9 (stating on a "Notice of Tort Claim" form that CPD officers "were negligent

1

while doing their procedures" which has led to "emotional trauma, sleep loss, and bad anxiety.").

CPD removed the case to this Court on September 17, 2024.  Dkt. 1 at 1.  In the notice of removal, CPD asserted that it received service of the original complaint on August 19, 2024. *Id.* at 2.  On September 23, Mr. Glover filed a motion to remand, arguing that CPD's removal was untimely and therefore improper.  Dkt. 9.

## II.
## Applicable Law

Because federal courts are of limited jurisdiction, "district courts may not exercise jurisdiction absent a statutory basis."  *Home Depot U. S. A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).  Under 28 U.S.C. § 1331, the Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The Court may also exercise supplemental jurisdiction over state-law claims "that are so related" to claims over which the Court has original jurisdiction "that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Pursuant to 28 U.S.C. § 1441,

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  The proponent of federal jurisdiction has the burden of demonstrating that removal is proper.  *See Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529-30 (7th Cir. 2004).  If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

2

Removal procedure is governed by 28 U.S.C. § 1446:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Put differently, a defendant has 30 days from the time of either receiving a copy of the complaint, or receiving a summons, to remove a case from state court to federal court. The time limit is not calculated based on when a plaintiff initially files a complaint with the state court.

## III.
## Analysis

Mr. Glover does not contest that the Court has federal-question jurisdiction since he invokes 42 U.S.C. § 1983 in his complaint. Dkt. 1-1 at 8; dkt. 9. Instead, he argues that removal was improper, citing the thirty-day time limit under § 1446. CPD responds that the removal was, in fact, timely. Dkt. 10.

CPD had thirty days from the date it received a copy of the initial pleading or a summons to remove the case from state court to federal court. 28 U.S.C. § 1446. While Mr. Glover filed his suit on August 14, 2024, dkt. 1-1 at 6, he does not dispute CPD's assertion that it did not receive the complaint and summons until August 19, 2024. Dkt. 1 ¶ 5, dkt. 10 ¶¶ 3-7, dkt. 10-1 at 2. Therefore, CPD had thirty days from August 19, 2024, in order to remove the case to federal court. CPD did so on September 17, 2024, within the thirty-

day window imposed by § 1446.  CPD's removal to federal court therefore was not untimely.

## IV.
## Conclusion

Plaintiff's motion to remand is **DENIED**.  Dkt. [9].

**SO ORDERED**.

Date: 10/7/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYAIRZ GLOVER
9460 Benchview Drive, Apt. G
Indianapolis, in 46240

All electronically registered counsel