UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYAIRZ GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01603-JPH-TAB |
| | ) |
| CARMEL POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
SCREENING COMPLAINT, AND RULING ON PENDING MOTIONS**

Tyairz Glover alleges that Carmel Police Officers John Mitchell, Nicholas Striker, and Carlton Howard violated his constitutional rights when they arrested him. Dkt. 34. The Carmel Police Department ("CPD") filed a motion to dismiss. Dkt. 35. For the reasons below, that motion is **GRANTED**. The Court additionally screens Mr. Glover's complaint and directs which claims shall proceed, and rules on several pending motions filed by Mr. Glover.

**I.
Facts and Background**

Because CPD has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Glover "had communication with another individual" who then called the police and falsely reported that Mr. Glover had pointed a gun at them. Dkt. 34 at 2. Mr. Glover was subsequently detained by police outside of a gas station. *Id.* Officer Striker "forcefully shoved his knee into [Mr. Glover's] head"

1

while Mr. Glover was handcuffed. *Id.* at 5. Mr. Glover requested to be placed in a marked vehicle, and Officer Howard "shoved" Mr. Glover "onto the outside of the car" while telling Mr. Glover to "stop resisting." *Id.* Mr. Glover also alleges that Officer Mitchell "took oath that the allegations were true." *Id.*

Defendant CPD filed a motion to dismiss. Dkt. 36.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim,

2

after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

CPD argues that it is not a suable entity, so the Court should grant its motion to dismiss. Dkt. 36. Mr. Glover filed a response, arguing that 42 U.S.C. § 1983 "makes them a suable entity." Dkt. 37. "[L]ocal government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997)). Under Indiana law, municipal police departments are not suable entities. *Id.* Consequently, CPD is not a proper party to this suit, so any claim against it must be **dismissed**. CPD's motion is therefore **GRANTED**.

### IV.
### Motion to Amend

On June 9, Mr. Glover filed a "Motion to Amend Defendant in Claim" seeking to amend his complaint to change "Carmel Police Department" to "City of Carmel Police Department" because he "has discovered" that CPD is not a suable entity. Dkt. 41.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave to amend when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). At the same time, "district courts have broad discretion to deny leave to amend where there is

3

undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Here, CPD filed a motion to dismiss Mr. Glover's original complaint, arguing that CPD was not a suable entity and that the complaint was insufficiently detailed. Dkts. 12; 13. Mr. Glover was granted leave to file an amended complaint. Dkts. 33; 34. CPD filed a motion to dismiss the amended complaint, again arguing that it was not a suable entity. Dkts. 35; 36. Nearly four months later, Mr. Glover again sought leave to amend. Dkt. 41. Mr. Glover offers no explanation why it took him four months to file the second motion to amend his complaint. *Id.* He says that he "discovered" that CPD "is not a suable entity under the applicable law", *id.* at 1 ¶ 2, but does not explain how he didn't know that earlier based on CPD's motions to dismiss in October 2024 and February 2025. Dkt. 13; dkt. 31. Mr. Glover has not acted diligently in seeking to amend his complaint or cure its deficiencies once he was made aware of them.

Regardless, Mr. Glover's proposed amendment to sue the City of Carmel rather than the Carmel Police Department would be futile. A municipality can be liable under § 1983 "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v.*

4

*Dep't of Soc. Servs,* 436 U.S. 658, 690–93 (1978)).  Here, there are no allegations in Mr. Glover's amended complaint that plausibly support a *Monell* claim, so amending the named defendant to the city rather than the police department would be futile.  *McCoy v. Iberdrola Renewables, Inc.* 760 F.3d 674, 685 (7th Cir. 2014) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."); *see Runnion,* 786 F.3d at 524.

Mr. Glover's motion to amend is **DENIED**.

## V.
## Screening

The Court screens the remaining allegations of Mr. Glover's amended complaint.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.*  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Here, Mr. Glover used this district's form complaint for his amended complaint.  Dkt. 34.  Mr. Glover listed himself as the plaintiff, and "Carmel Police Department" as defendant; no individuals are named as defendants in the caption.  *Id.* at 1.  In the next section of the form, however, which is titled

"The Parties to This Complaint," Mr. Glover names Officers John Mitchell, Nicholas Striker, and Carlton Howard. Dkt. 34 at 3–4. "The title of the complaint must name all the parties." Fed. R. Crim. P. 10(a). Although the caption and title of the complaint do not list any parties other than CPD, the Court infers that Mr. Glover intended to include the individual officers as defendants and allows claims against them to proceed even though they are not named in the caption. *See Owens v. Duncan*, 798 F. App'x 9, 12 (7th Cir. 2020) (courts have looked to both 'the caption' and 'the list of the parties' on the form complaint in determining which defendants a pro se plaintiff intends to sue); *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005). The Court concludes that by listing Officers Mitchell, Striker, and Howard in the "Parties" section of the form complaint, Mr. Glover has effectively named those individuals as defendants.

Regarding the substance of the allegations, Mr. Glover alleges that Officer Striker forcefully shoved his knee into Mr. Glover's head, and that Officer Howard shoved Mr. Glover against the car. Dkt. 34 at 5. Those allegations are sufficient to state a claim for excessive force in violation of the Fourth Amendment, so that claim will proceed against Officers Striker and Howard.

Mr. Glover also alleges that his First Amendment right to freedom of speech, his right to bear arms, and his Fourteenth Amendment rights[1] were

---

[1] Mr. Glover specifically cites his "right to bear arms (14th amendment)." Dkt. 34 at 2. The Court construes this as both a Second Amendment claim and a Fourteenth Amendment due process or equal protection claim.

violated.  However, he has not pleaded any facts to support a plausible claim under the First, Second, or Fourteenth Amendment, so those claims must be dismissed.  *See Bilek*, 8 F.4th at 586 (A complaint "must allege enough details about the subject-matter of the case to present a story that holds together.").

As to Officer John Mitchell, Mr. Glover alleges that he "took oath that the allegations were true."  Dkt. 34 at 5.  This does not allege or support an inference that Officer Mitchell personally violated Mr. Glover's constitutional rights.  *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.").  Therefore, any claim against Officer Mitchell must also be dismissed.

This case **will proceed** with a Fourth Amendment excessive force claim against Officer Striker and Officer Howard.[2]

## VI.
## Conclusion

Defendant's motion to dismiss, dkt. [35], is **GRANTED**.

The **Clerk is directed** to terminate Carmel Police Department as a defendant on the docket and add Officers Nicholas Striker and Carlton Howard as defendants.  If counsel for Carmel Police Department intends to enter

---

[2] In his response to the motion to dismiss, Mr. Glover also alleges that officers performed a warrantless search of his vehicle.  Dkt. 37.  However, Mr. Glover did not include any allegation of such conduct in his amended complaint, and he cannot raise that claim for the first time in his response.  *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); dkt. 34; dkt. 33 (this Court's Order on Amended Complaint, which instructed Mr. Glover that "[a]n amended complaint should include all claims that Mr. Glover wishes to raise").  Mr. Glover also cites to 18 U.S.C. § 242, a criminal statute that does not provide a private cause of action.

appearances for Officers Striker and Howard, they shall do so **by June 30, 2025**.

Defendant's motion to dismiss the original complaint, dkt. [12], Mr. Glover's motion to deny opposition motion, dkt. [25], and Mr. Glover's motion to deny defendants motion, dkt. [27], are **denied as moot**.

Mr. Glover's motion to amend defendant in claim, dkt. [41], is **denied**.

Mr. Glover filed a motion for summary judgment while the motion to dismiss at issue here was pending. Dkt. [38]. That motion is **denied without prejudice** as premature. Mr. Glover has also filed a motion to request body cam, dkt. [15], and a motion to subpoena witnesses, dkt. [23], which are likewise **denied** at this stage of the proceedings.

Magistrate Judge Baker is requested to set an appropriate discovery and briefing schedule for the remainder of this case.

**SO ORDERED.**

Date: 6/13/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYAIRZ GLOVER
3266 Thurston Drive
Indianapolis, IN 46224

All electronically registered counsel