UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYAIRZ GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01603-JPH-TAB |
| | ) | |
| NICHOLAS STRIKER Officer, | ) | |
| CARLTON HOWARD Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tyairz Glover filed this action alleging that police officers Nicholas Striker and Carlton Howard violated his Fourth Amendment rights by using excessive force during his arrest. Defendants have filed a motion for summary judgment. Dkt. [70]. For the reasons below, that motion is **GRANTED**.

## I.
## Facts and Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

The facts set forth in Defendants' motion for summary judgment are supported by designated evidence, that is, each fact is supported by specific citations to particular parts of the record. In contrast, Mr. Glover's response only generally disputes Defendants' factual assertions. *See* Dkt. 81 at 1–3

(asserting that "exhibits show defendants engaging in conduct" and requesting the Court to "see exhibits on the record"). Mr. Glover does not designate specific evidence supporting his factual allegations, so he does not provide a basis for the Court to accept his version of events as true or question the veracity and accuracy of Defendants' material facts. Mr. Glover therefore has not shown that there are any contested material facts. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: . . . citing to particular parts of materials in the record. . .."); *id.* at (3) ("The court need consider only the cited materials. . ..").

Moreover, Defendants' material facts are corroborated by videos from police bodycams and dashcams that recorded the entire incident, from Officer Striker seeing Mr. Glover exit the gas station carrying a gun through Officer Howard putting Mr. Glover into a police car, from multiple perspectives. Dkt. 71-4, Ex. 4A, Ex. 4B, Ex. 4C, Ex. 4D. So, the Court accepts Defendants' factual assertions, which are specific, supported by citations to the record, and clearly depicted in videos that are part of the designated evidence, as uncontested. *Brown v. Chicago Transit Auth.*, 179 F.4th 577, 586 (7th Cir. 2026) ("[A] party asserting a fact must support the assertion with citation to particular parts of materials in the record . . . without which the court may consider the fact undisputed for purposes of the motion.").

In August 2024, Carmel Police Department Officers tracked Mr. Glover to a gas station in Indianapolis after being informed that he had pointed a shotgun at two people. Dkt. 71-1 at 1–2 ¶¶ 5–10; dkt. 71-7 at 1 ¶ 3. Officer

Nicholas Striker arrived at the scene alone and saw Mr. Glover exit the gas station carrying a shotgun. Dkt. 71-7 at 1 ¶¶ 4–6; dkt. 71-4, Ex. 4C at 20:35:24–20:38:41. Officer Striker ordered Mr. Glover to put down the shotgun, walk away from it, and lie down on the ground. Dkt. 71-7 at ¶ 6. Mr. Glover dropped the gun and walked away, dkt. 71-4, Ex. 4C at 20:35:24–20:38:41, but retorted, "lay down for what?". Dkt. 71-4, Ex. 4B at 20:35:57–20:36:06. Officer Striker again commanded Mr. Glover to lie down on the ground, which Mr. Glover did but propped himself up on his elbows. *Id.* at 20:36:22–20:38:10. Officer Striker then ordered Mr. Glover to put his face on the ground, but he did not do so. *Id.* at 20:36:22–20:38:10.

When Officer Carlton Howard arrived, Mr. Glover refused to comply with directions to lay his head down facing away from the officers. Dkt. 71-4, Ex. 4C at 20:38:41–20:39:52. Officer Howard and Officer Striker approached and secured Mr. Glover. *Id.* Officer Howard placed his left knee between Mr. Glover's shoulder blades while handcuffing him. *Id.* at 20:38:48–20:38:58; dkt. 71-4, Ex. 4B at 20:38:47–20:39:03; dkt. 71-5 at 2–3. Meanwhile, Officer Striker planted both of his knees on the pavement and held Mr. Glover's ankles, bending his knees so that his calves were against his thighs. Dkt. 71-4, Ex. 4C at 20:38:41–20:39:24; dkt. 71-5 at 4–6. After about ten seconds, Mr. Glover was in handcuffs and released from the holds. Dkt. 71-4, Ex. 4C at 20:38:41–20:39:24.

Mr. Glover did not complain about not being able to breathe or demonstrate any signs of difficulty breathing. *Id.* at 20:38:41–20:39:52. When

Mr. Glover said that the officers were hurting him, Officer Howard removed his knee from his back. Dkt. 71-4, Ex. 4C at 20:38:41–20:39:52.

Officer Howard then patted Mr. Glover down, helped him to his feet, and escorted him to an unmarked police vehicle. Dkt. 71-4, Ex. 4C at 20:39:06 to 20:40:22. Mr. Glover told Officer Howard that he would not get into the vehicle and would sit on the curb instead. Dkt. 71-4, Ex. 4D at 20:40:05–20:40:09. Then Mr. Glover attempted to pull away, but Officer Howard yanked him back, pushed him up against the vehicle, and shoved him into the back seat. Dkt. 71-4, Ex. 4A at 20:40:05–20:40:26; dkt. 71-5 at 7.

Mr. Glover filed this action alleging that Defendants violated his Fourth Amendment right against the use of excessive force. Dkt. 34 at 2. Defendants moved for summary judgment. Dkt. 70.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all

reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584. A court only must consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

## III.
## Analysis

Mr. Glover asserts that his Fourth Amendment rights were violated by use of excessive force. Dkt. 81 at 1. Defendants argue that they are entitled to summary judgment because they did not use excessive force and, regardless, they are entitled to qualified immunity. Dkt. 72 at 7, 14.

### A. Qualified immunity standard

"Government officials enjoy qualified immunity from suit under § 1983 unless their conduct violates clearly established law." *Zorn v. Linton*, 146 S.Ct. 926, 930 (2026). In other words, "officers are entitled to qualified immunity . . . unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018); *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019) (noting that courts may address either prong first). In the exercise of its discretion, the Court begins with the "clearly established law" prong of qualified immunity.

"A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Zorn*, 146 S. Ct. at 930. In other words, existing precedent must place the constitutional question "beyond debate." *Id.* "The relevant precedent must

define the right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* (A clearly established right generally requires "a case where an officer acting under similar circumstances was held to have violated the Constitution."). "In short, officers receive qualified immunity unless they could have read the relevant precedent beforehand and know[n] that it proscribed their specific conduct." *Id.*; *see also Mullenix v. Luna*, 577 U.S. 7, 15 (2015).

Qualified immunity is analyzed defendant-by-defendant and claim-by-claim. *Mabes v. Thompson*, 136 F.4th 697, 706 (7th Cir. 2025). The plaintiff bears the burden of showing "clearly established law . . . particularized to the facts of the case." *Id.* Meeting that burden "is a 'do or die' requirement for the plaintiff's suit. If a plaintiff fails to identify analogous precedent clearly establishing the law, the district court must grant summary judgment for the defendant." *Villalobos v. Picicco*, 168 F.4th 1057, 1063 (7th Cir. 2026); *accord Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026).

In his response to Defendants' motion for summary judgment, Mr. Glover did not identify any precedent that governs the facts in the designated evidence, nor did he show that the Defendants' actions violated clearly established law. *See* dkt. 81 at 1–3.

**A. Officer Striker**

Excessive force claims turn on "whether the officers' actions [were] objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor,* 490 U.S. 386, 397 (1989). Officer Striker argues

that he is entitled to qualified immunity on any excessive force claim. Dkt. 72 at 12. Mr. Glover asserts that Officer Striker used excessive force by repeatedly putting his knees on and off Mr. Glover's right calf while Officer Howard handcuffed him. Dkt. 71-6 at 20–21.

The undisputed designated evidence shows that Officer Striker's knees were both planted on the pavement—not Mr. Glover's calves—when he held Mr. Glover's crossed ankles towards his buttocks for no longer than ten seconds. Dkt. 71-4, Ex. 4D at 20:38:49–20:38:59; dkt. 71-5 at 4–6. Generally, "[a]n officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest." *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009). Further, a suspect's "willful noncompliance" justifies an officer's minimal use of force. *Phillips v. Community Ins. Corp.*, 678 F.3d 513, 525 (7th Cir. 2012).

Against this standard, Mr. Glover has not cited authority showing that every reasonable police officer would have understood that the force Officer Striker used to restrain Mr. Glover here was excessive. *See* Dkt. 71-7 at ¶¶ 7–8 (noting Mr. Glover's noncompliance); *Phillips*, 678 F.3d at 525 (a suspect's "willful noncompliance" justifies an officer's minimal use of force).

Officer Striker's motion for summary judgment is therefore **GRANTED**.

**B. Officer Howard**

Next, Mr. Glover asserts that Officer Howard used excessive force by placing his knee on Mr. Glover's neck while handcuffing him. Dkt. 71-6 at 12–13, 20–21. Officer Howard argues that he placed his left knee between

Mr. Glover's shoulder blades for about ten seconds. Dkt. 71-8 at 2 ¶¶ 7–10; dkt. 71-4, Ex. 4C at 20:38:41–20:39:52; dkt. 71-4, Ex. 4B at 20:38:47–20:39:03; dkt. 71-5 at 2–3.

The undisputed designated evidence shows that Officer Howard's knee was between Mr. Glover's shoulder blades, and the bulk of his weight was on his right leg. Dkt. 71-4, Ex. 4C at 20:38:48–20:38:58, Ex. 4B at 20:38:47–20:39:03; dkt. 71-5 at 2–3. When Officer Howard used this technique, Mr. Glover had been uncooperative, and his shotgun was in the near vicinity. *See* Dkt. 71-4, Ex. 4C at 20:38:41–20:39:52. Mr. Glover has not cited authority showing that every reasonable police officer would have understood that the force Officer Howard used to restrain Mr. Glover here was excessive. *See* dkt. 71-8 at ¶¶ 6–13; *Phillips*, 678 F.3d at 525 (a suspect's "willful noncompliance" justifies an officer's minimal use of force).

Finally, Mr. Glover alleges that Officer Howard shoved Mr. Glover's face and chest into the side of the unmarked police vehicle. Dkt. 71-6 at 16–17. Officer Howard argues that he pushed Mr. Glover's backside into the vehicle to secure his grip on Mr. Glover after he twisted away and "belligerent[ly] and defiant[ly]" stated that he would not get in the vehicle. Dkt. 71-8 at 3 ¶¶ 15–19.

The undisputed designated evidence shows that Officer Howard pushed Mr. Glover's backside against the vehicle as Mr. Glover attempted to pull away from him and asserted that he would not get into the vehicle. Dkt. 71-4, Ex. 4D at 20:40:05–20:40:09; dkt. 71-4, Ex. 4A at 20:40:05–20:40:26; dkt. 71-5 at

7. "An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest." *Stainback*, 569 F.3d at 772. "A single shove that results in bruising is de minimis force that will not support a claim of excessive force." *Jones v. Walker*, 358 F.App'x 708, 713 (7th Cir. 2009); *see also Phillips*, 678 F.3d at 525 (a suspect's "willful noncompliance" justifies an officer's minimal use of force). Mr. Glover has not cited authority showing that every reasonable police officer would have understood that the force Officer Howard used to restrain Mr. Glover here and place him in the vehicle was excessive. Dkt. 71-8 at ¶¶ 15–19.

Officer Howard's motion for summary judgment is therefore **GRANTED**.[1]

## IV.
## Conclusion

Defendants' motion for summary judgment is **GRANTED**. Dkt. [70]. Mr. Glover's complaint is **DISMISSED with prejudice**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 11/6/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

[1] Because Defendants' motion for summary judgment is granted on the basis of qualified immunity, the Court does not address whether Mr. Glover's federal or statutory rights were violated. *See Leiser*, 933 F.3d at 701.

TYAIRZ GLOVER
2521793
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only